IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARLOS DURHAM AND DEBORAH DURHAM,** | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | **CIVIL ACTION NO. 4:17-cv-1752** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, CHRISTOPHER JANOPOLIS, JOHN BUCKWALTER AND JOSEPH GRIFFITH,** | § § § § § § | |
| *Defendants*. | § § | |

### DEFENDANTS ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND JOSEPH GRIFFITH'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and JOSEPH GRIFFITH, file this their Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

### I.
### FACTUAL BACKGROUND

1. On or about April 17, 2017, Plaintiffs filed their Original Petition in a case styled *Carlos Durham and Deborah Durham v. Allstate Vehicle and Property Insurance Company, Christopher Janopolis, John Buckwalter and Joseph Griffith,* Cause No. 2017-25686, pending in the 269th Judicial District Court for Harris County, Texas.

2. CT Corporation received service of the Original Petition on May 9, 2017, for Allstate Vehicle and Property Insurance Company. Joseph Griffith received service of the

Original Petition by private process on or about May 10, 2017. In response, Defendants filed an Original Answer to Plaintiffs' Original Petition on June 2, 2017.

3. Based upon information and belief, Plaintiffs have not perfected service upon Co-Defendants, Christopher Janopolis and John Buckwalter.

4. Defendants file this notice of removal within 30 days of receiving service of Plaintiffs' pleading. *See* 28 U.S.C. §1446(b).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** The state court's Docket Sheet;
- **Exhibit 2:** Plaintiffs' Original Petition;
- **Exhibit 3:** Citation served on Allstate Vehicle and Property Insurance Company;
- **Exhibit 4:** Citation served on Joseph Griffith;
- **Exhibit 5:** Defendants, Allstate Vehicle and Property Insurance Company and Joseph Griffith's Original Answer to Plaintiffs' Original Petition;
- **Exhibit 6:** House & Home Policy (identified as Policy No. 829 036 347); and
- **Exhibit 7:** List of Parties and Counsel

## II.
## BASIS FOR REMOVAL

6. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.** **Plaintiffs, Allstate Vehicle and Property Insurance Company, Joseph Griffith, and Christopher Janopolis Are Diverse**

7. Upon information and belief, Plaintiffs, Carlos and Deborah Durham, were (at the time the lawsuit was filed) and are residents of the State of Texas. *See* Plaintiffs' Original Petition, ¶ 2.

8. Defendant, Allstate Vehicle and Property Insurance Company, is incorporated under the laws of the State of Illinois. Additionally, its principal place of business is in Illinois.

9. Defendant, Joseph Griffith, is a resident of Destin, Florida.

10. Co-Defendant, Christopher Janopolis, is a resident of Elm City, North Carolina.

11. Complete diversity exists between Plaintiff and Defendants Allstate Vehicle and Property Insurance, Joseph Griffith, and Christopher Janopolis.

### B. John Buckwalter Was Improperly Joined In This Lawsuit

12. With respect to the claims against adjuster John Buckwalter "Buckwalter", it is Defendants' position that he is improperly joined in this action and is therefore not a proper party to this lawsuit. Therefore, the Texas citizenship of Buckwalter should be disregarded for the purposes of evaluating diversity in this matter. The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

13. The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Under the second way, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible

confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

14. A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting *Smallwood*, 385 F.3d at 573). "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.* at *7.

15. If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7. The court further stated that "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in state court language.[1] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to

---

[1] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573. This test does not mention a state pleading standard.

relief that is plausible on its face.'"" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twobly*, 550 U.S. 544, 547 (U.S. 2007).

16.   Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, Courts in the Fifth Circuit require plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011).  Further, Plaintiffs' misrepresentation claims against Buckwalter require it to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud.  Fed. R. Civ. P. 9; *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

17.   Here, however, Plaintiffs fail to offer any specific actionable facts to support its claims against Buckwalter that are distinct from Plaintiffs' claims against Allstate, and therefore fail to state a viable state law claim against Buckwalter, individually.  *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

18. Plaintiffs' complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

19. Plaintiffs do not offer any factual support for its claims against the adjuster for which Buckwalter may be held liable. Plaintiffs fail to make the required "factual fit between [its] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

20. The "facts" asserted against Buckwalter and Plaintiffs' pleaded causes of action are incongruent. Indeed, Plaintiffs' failure to mention any **actionable facts** against Buckwalter—facts that support a reasonable inference that Buckwalter could be held individually liable under Plaintiffs' pleaded causes of action under the Texas Insurance Code chapters 542 and 541, the Texas Deceptive Trade Practices Act, negligence, and fraud—constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what

6

actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co*., 4:09-cv-165-A, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701–02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

21.     In addition, Plaintiffs' allegations against Buckwalter for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiffs fail to allege that Buckwalter's alleged misrepresentations are related **to coverage** or the details of the Plaintiffs' insurance policy with Allstate.  As explained in *One Way Investments, Inc. v. Century Surety Company, et al.*, 2014 WL 6991277(N.D. Tex. Dec. 11, 2014), the type of factual allegations asserted against Buckwalter, all of which relate to his inspection and determination regarding the extent of damage, are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the

7

terms of the policy.  Further, Plaintiffs allege several causes of action against Buckwalter that it cannot recover.[2]

22. Based upon the foregoing, it is clear adjuster Buckwalter was improperly joined in an effort to defeat diversity jurisdiction.

23. Further, without asserting facts as to how Buckwalter, individually and not as an adjuster assigned by Allstate, committed an actionable violation of the Texas Insurance Code, Plaintiffs' claims cannot survive dismissal.  *Twombly*, 550 U.S. at 555.  Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.  *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).  Texas law is clear that to be liable for alleged Texas Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm.  *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). Here, the alleged harm is Allstate's failure to pay for covered damages.

24. Importantly, to state a valid state law cause of action, Plaintiffs' Original Petition must demonstrate a factual fit between the allegations and the pleaded theory of recovery.  *First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 *4 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *see Griggs*, 181 F.3d at 700).  In the

---

[2] Texas federal courts that have addressed § 541.060 unfair settlement practices allegations against an adjuster have found that the section only applies to insurers, and that it does not apply to adjusters. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016)(J. Fitzwater); *see, Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'"); *see, e.g., Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex.App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship").  Chapter 542 only applies to insurers.  *See Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.–Dallas Mar. 30, 2016, no. pet. h.); *see, e.g.*, *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *6 (N.D.Tex. Aug. 31, 2015) ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer.").  Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).

instant case, no such fit exists. It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). This, however, is precisely the pleaded claims against Buckwalter in Plaintiffs' Original Petition. As pleaded, these claims against Buckwalter are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

25. The claim at issue, no matter how Plaintiffs couch it in the lawsuit, is whether Allstate owes Plaintiffs any amount for a covered loss. Plaintiffs' claim is for economic losses against Allstate, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim exists which may precluded Plaintiffs' bad faith and Insurance Code violations. Therefore, Plaintiffs' assertions against Buckwalter, the non-diverse defendant, fail to show any likelihood of recovery against Buckwalter, individually. The Court should disregard the citizenship of the non-diverse defendant Buckwalter, and the Court should find removal of this case proper

### C.  The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

26. As alleged in their Original Petition, Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000. *See* Plaintiffs' Original Petition, ¶¶ 7. Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

27. Allstate Vehicle and Property Insurance Company received this lawsuit on May 9, 2017, when service was perfected upon it through CT Corporation. Joseph Griffith received this lawsuit by private process on or about May 10, 2017. Thus, Defendants are filing this Notice within the 30-day period required by 28 U.S.C. § 1446(b).

28. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

29. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

30. Promptly after Defendants file this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

31. Promptly after Defendants file this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

## IV.
## CONCLUSION

32. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and JOSEPH GRIFFITH, hereby remove this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:    */s/ Christina M. Fears*

**Roger D. Higgins,** *Attorney-in-Charge*
Southern District Bar No. 33282
Texas State Bar No. 09601500
*E-Mail:* rhiggins@thompsoncoe.com
700 North Pearl Street
Twenty-Fifth Floor – Plaza of the Americas
Dallas, Texas   75201
(214) 871-8200  Telephone
(214) 871-8209  Facsimile

~ and ~

**Christina M. Fears**
Southern District Bar No. 2368166
Texas State Bar No. 24060923
*E-Mail:* cfears@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas   77056-1988
(713) 403-8210  Telephone
(713) 403-8299  Facsimile

**ATTORNEYS FOR DEFENDANTS - ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND JOSEPH GRIFFITH**

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June  8,  2017, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

 Mynor " Eddie" Rodriguez
 Law Office of Mynor E. Rodriguez, P.C.
 1300 McGowen, Suite 280
 Houston, Texas 77004
 Email: mrodriguez@rodrigueztrialfirm.com

 *Counsel for Plaintiffs*

            */s/ Christina M. Fears*
             CHRISTINA M. FEARS