Case 4:17-cv-01752 Document 17 Filed in TXSD on 11/14/17 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS DURHAM and DEBORAH DURHAM, | § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. H-17-1752 |
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, CHRISTOPHER JANOPOLIS, JOHN BUCKWALTER and JOSEPH GRIFFITH, | | |
| Defendants. | | |

ORDER

Pending before the Court is Plaintiffs Carlos and Deborah Durham's Motion to Remand and Supporting Memorandum (Document No. 6). Having considered the motion, submissions, and applicable law, the Court determines Plaintiffs' motion should be denied.

I. BACKGROUND

This is an insurance dispute arising from a claim made by Plaintiffs Carlos Durham and Deborah Durham (collectively, "Plaintiffs") on an insurance policy.

1

Plaintiffs own property in Harris County ("Harris Property")[1] that is insured under a Texas Homeowners' Insurance Policy ("Policy") issued by Allstate Vehicle & Property Insurance Company ("Allstate"). On April 19, 2015, a hail and wind storm allegedly damaged the Harris Property. Plaintiffs filed an insurance claim with Allstate against the Policy, seeking coverage for the cost of repairing the alleged hail and wind storm damage. Allstate allegedly assigned Defendants Christopher Janopolis ("Janopolis"), John Buckwalter ("Buckwalter"), and Joseph Griffith ("Griffith") to adjust the claim.[2]

On April 17, 2017, Plaintiffs filed this lawsuit in the 269th District Court of Harris County, Texas, against the Defendants, contending the Defendants mishandled Plaintiffs' claim against the Policy. Plaintiffs' state court petition includes claims for multiple violations of the Texas Insurance Code, breach of contract, breach of the duty of good faith and fair dealing, fraud, and conspiracy to commit fraud. On June 8, 2017, Defendants Allstate and Griffith removed the case to this Court, contending the Court has diversity jurisdiction over the case because Buckwalter—the only non-diverse party—was improperly joined. On July 7, 2017, Plaintiffs moved for remand, contending Buckwalter is a proper party.

---

[1] The Harris Property is specifically located at 24703 Kennington Way, Spring, Texas 77389.

[2] The Court refers to Defendants Allstate, Janopolis, Buckwalter, and Griffith collectively as "Defendants."

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). For a court to have jurisdiction based on diversity, there must be complete diversity of citizenship between the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). However, a case can be removed despite a lack of complete diversity if a defendant is fraudulently joined solely to destroy diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). A removing party carries a heavy burden of proof when attempting to prove fraudulent joinder. *See e.g., Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III. LAW & ANALYSIS

The parties agree Buckwalter is the only non-diverse party in this case, and that absent Buckwalter, the Court has diversity jurisdiction.[3] Plaintiffs contend remand is required because Buckwalter is a proper party. Allstate and Griffith contend Buckwalter was improperly joined and should be dismissed.[4] Thus, the resolution of Plaintiffs' motion to remand turns on whether Plaintiffs improperly joined Buckwalter to this lawsuit.

To establish improper joinder, a defendant must show: (1) actual fraud in the jurisdictional pleadings of the facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There is no allegation of actual fraud in the Plaintiffs' pleading of jurisdictional facts. Defendants instead seek to establish improper joinder under the second prong: by showing Plaintiffs cannot establish a cause of action against Buckwalter. To do so, Defendants must prove "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* This determination is made under the 12(b)(6) federal pleading standard. *Int'l Energy Ventures Mgmt. L.L.C. v. United*

---

[3] The parties also agree the amount in controversy exceeds $75,000.

[4] Allstate and Griffith have not filed a separate motion to dismiss, but their response to Plaintiffs' motion to remand seeks Buckwalter's dismissal as an improperly joined defendant.

*Energy Grp., Ltd*, No. 14-20552, 2016 WL 1274030, at *6 (5th Cir. Mar. 31, 2016). If a plaintiff's claims against a non-diverse defendant can survive a 12(b)(6) motion to dismiss, joinder is proper, and the case should be remanded. *Smallwood*, 385 F.3d at 573.

Plaintiffs' state court petition brings claims against Buckwalter for multiple violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud. Plaintiffs' allegations are spread between the "Facts" and "Causes of Action" sections of Plaintiffs' state court petition. Looking to both sections, the only allegation of conduct specifically attributable to Buckwalter is that he "conducted substandard inspections of Plaintiffs' Property. This is evident in the report which failed to include all the damages and the damages that he did include were severely undervalued."[5] This allegation fails to provide case-specific facts establishing a reasonable basis for recovery. *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016) (Miller, J.) (examining allegations that an adjuster "did not properly assess" and "severely underestimated" damages and finding the lack of case-specific facts did not provide a reasonable basis for recovery). All other allegations against Buckwalter

---

[5]*Defendants Allstate Vehicle and Property Insurance Company and Joseph Griffith's Notice of Removal*, Document No. 1, Exhibit 2 at 4-5 (*Plaintiffs' Original Petition*).

5

are made globally against the other defendants.[6] *See Rodriguez v. Standard Guar. Ins. Co.*, No. H-10-2065, 2010 WL 4877774, at *7 (S.D. Tex. Nov. 23, 2010) (Lake, J.) ("[P]etitions that fail to allege facts illustrating what actions are attributable to the insurance adjuster individually do not provide a reasonable basis for recovery against an in-state adjuster."). Further, the remaining allegations merely recite the elements of Plaintiffs' claims. *See id.* ("Near verbatim recitations of portions of the Insurance Code . . . do not provide a reasonable basis for recovery against an in-state adjuster.").

Thus, Plaintiffs have not established a valid cause of action against Buckwalter, and there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Buckwalter. The Court therefore finds Buckwalter has been improperly joined in this case and should be dismissed. Because the remaining defendants are completely diverse from Plaintiffs and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction. Accordingly, the Court denies Plaintiffs' motion to remand.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

---

[6] The global allegations are either made against the Defendants as a group or Janopolis, Buckwalter, and Griffith together as adjusters.

6

**ORDERS** that Plaintiffs Carlos Durham and Deborah Durham's Motion to Remand and Supporting Memorandum (Document No. 6) is **DENIED.** The Court further

**ORDERS** that Plaintiffs' claims against Buckwalter are **DISMISSED**.

SIGNED at Houston, Texas, on this **14** day of November, 2017.

_____
DAVID HITTNER
United States District Judge